IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
KERMIT HOBBS,                     }
                                  }
      Plaintiff,                  }
                                  }     CIVIL ACTION NO.
v.                                }     07-AR-1374-S
                                  }
CONSECO INSURANCE COMPANY,        }
                                  }
      Defendant.                  }
```

**MEMORANDUM OPINION**

This case is a simultaneous reprise of two of this court's earlier decided cases, each of which resulted in an order of remand to a state court for lack of subject-matter jurisdiction. The first was *Watkins v. Trans Union, L.L.C.*, 118 F. Supp. 2d 1217 (N.D. Ala. 2000). The second was *Constant v. Int'l House of Pancakes*, 487 F. Supp. 2d 1308 (N.D. Ala. 2007).

Defendant, Conseco Insurance Company ("Conseco"), removed this case from the Circuit Court of Jefferson County, Alabama, Bessemer Division, basing jurisdiction in this court upon the existence of a federal question under 28 U.S.C. § 1331, and the diversity of citizenship of the parties and the requisite amount-in-controversy under 28 U.S.C. § 1332. Plaintiff, Kermit Hobbs ("Hobbs"), sued Conseco (and fictitious defendants who can be ignored) without mentioning the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). He asserts several claims under state tort law theories. Any reference to the FCRA is conspicuously absent. There is no *ad damnum* set forth in the

complaint.  Hobbs is a resident of Alabama.  Conseco was incorporated in Illinois and its principal place of business is in Indiana.  Before filing his complaint Hobbs proposed to Conseco a settlement of $575,000, which is $500,000 over the amount-in-controversy necessary for subject-matter jurisdiction under § 1332.

The question of whether this court has subject-matter jurisdiction was orally argued on August 17, 2007.  During argument, Hobbs joined this court's expression of doubt about its jurisdiction, and orally moved to remand the case.

The mere fact that Hobbs offered to settle for the ridiculously exorbitant sum of $575,000 is not enough to provide proof by a preponderance of the evidence that the amount-in-controversy exceeds $75,000, as is the unequivocal requirement of *Lowery v. Alabama Power Co.*, 483 F. 3d 1184 (11th Cir. 2007), which this court followed in *Constant*.  If a jury should award $575,000 in this case, and this court should not reduce it drastically pursuant to the lesson taught by *BMW v. Gore*, 517 U.S. 559 (116 S. Ct. 1589) (1996), a reviewing court would quickly do it.  As a matter of First Amendment freedom, Hobbs is allowed to puff and to engage in wishful thinking or self-delusion, and Conseco can for itself indulge in fearful speculation, but this court cannot decide its subject-matter jurisdiction upon such flimsy stuff.  Without proof of the

requisite amount-in-controversy, this court simply lacks subject-matter jurisdiction under § 1332.

Insofar as Conseco relies upon § 1331 for removal jurisdiction, it runs smash into *Watkins*, which is indistinguishable from the instant case in all material respects. This court has the choice of adhering to what it said in *Watkins*, or changing its mind entirely.  In fact, the plaintiff's claim in *Watkins* was against a credit reporting agency, wherein Hobbs's claim here is only against his former employer.  This is a distinction, that, if it has any significance, operates in favor of Hobbs, and further distances his state law action from any reliance on the FCRA.

There is no need to repeat everything this court said in *Watkins*, wherein this court held that the FCRA is not a statute of "super-duper" or complete preemption.  When Hobbs was careful to state only claims under state law, he was, in effect, disclaiming any reliance upon any federal theory of liability. This he is allowed to do.  Conseco's motion to dismiss, filed in this court along with its notice of removal, proves that its FCRA preemption argument is merely "defensive".  It overlooks the well-pleaded complaint rule.  Conseco, during oral argument, virtually admitted that its intent is to haul Hobbs into the federal harbor and sink him here.

It may well be that the state court will agree with Conseco that Hobbs cannot state a non-federal cause of action on the facts he alleges, and, accordingly, will grant Conseco's motion to dismiss. If that happens, and Hobbs thereupon amends his complaint without taking an appeal and substitutes a claim under the FCRA, Conseco will, of course, then have a right to remove to this court under § 1331, but it does not have that right now.

Hobbs's oral motion to remand will be granted by separate order.

DONE this 22nd day of August, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE